PROB 12C
(Revised 05/2011)

# United States District Court
for
## Middle District of Tennessee

### Superseding Petition for Summons for Offender Under Supervision
### [Supersedes Petition Filed as Docket Entry Numbers. 60 & 38]

Name of Offender: <u>Aaron Wayne Carden</u>  Case Number(s): <u>3:02-00068-1 & 3:13-00170</u>

Name of Judicial Officer: <u>Honorable William J. Haynes, Jr., U.S. District Judge</u>

Date of Original Sentence for Case Number 3:02-00086-1: <u>November 21, 2003</u>

Original Offense: <u>21 U.S.C. § 841(a)(1) Distribution of Marijuana and 18 U.S.C. § 924(c) Possession of a Firearm in Furtherance of Drug Trafficking</u>

Original Sentence: <u>120 months' custody and five years' supervised release</u>

Date of Original Sentence for Case Number 3:13-00170: <u>February 20, 2014</u>

Original Offense: <u>18 U.S.C. § 751(a) Escape</u>

Original Sentence: <u>12 months' and one day custody and two years' supervised release</u>

Type of Supervision: <u>Supervised release</u>  Date Supervision Commenced: <u>October 1, 2014</u>

Assistant U.S. Attorney: <u>Sunny A.M. Koshy</u>  Defense Attorney: <u>Dumaka Shabazz</u>

---

## PETITIONING THE COURT

__X__ To Consider Additional Violations/Information.
_____ To issue a Summons.
_____ To issue a Warrant.

---

**THE COURT ORDERS:**
☐ No Action
☐ The Issuance of a Warrant:
   ☐ Sealed Pending Warrant Execution
      (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☐ Other
☒ The Consideration of Additional Violations/Information.

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

Considered this ___ day of _____ 2015,
and made a part of the records in the above case.

_____
Amanda Michele
U.S. Probation Officer

_____
William J. Haynes, Jr.
U.S. District Judge

Place   Nashville, TN

Date    January 9, 2015

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry Nos. 60 & 38, has been amended as follows:

    <u>Violation No. 1</u> - has been amended to report an additional positive drug test.

    <u>Violation No. 2</u> - has been amended to report Mr. Carden's failure to participate in random drug testing.

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| **1.** | **The defendant shall refrain from any unlawful use of a controlled substance.** |

Since beginning supervision, Mr. Carden has tested positive for illegal drugs on the following occasions:

| Date | Substance |
|---|---|
| October 27, 2014 | marijuana and Methadone |
| November 4, 2014 | marijuana and cocaine |
| November 10, 2014 | marijuana and oxycodone |
| November 26, 2014 | marijuana |
| December 1, 2014 | marijuana |
| December 8, 2014 | marijuana |
| December 23, 2014 | marijuana and Methadone |
| **December 30, 2014** | **marijuana and oxycodone** |

Following his positive drug test for marijuana and Methadone on October 27, 2014, the probation officer questioned Mr. Carden regarding his illegal drug use. He admitted to smoking marijuana on October 25, 2014, with a "friend" who picked him up from his residence and drove him around Nashville. He admitted he knew what he did was illegal and requested the opportunity to participate in substance abuse treatment to help for his dependency on illegal drugs. Mr. Carden denied the use of Methadone.

On November 4, 2014, Mr. Carden tested positive for marijuana and cocaine. When questioned, he denied any new use of marijuana and denied using cocaine.

Following his positive drug test on November 10, 2014, Mr. Carden, again, denied any new use of marijuana and also denied using oxycodone.

Mr. Carden has continued to test positive for marijuana since his first positive test on October 27, 2014. The probation officer is aware that the drug tests following his reported use on October 25, 2014, could continue to show positive results, as the illegal drug metabolized out of his system.

On December 2, 2014, the probation officer request a nanogram report from Alere Toxicology Services in order to determine if Mr. Carden used marijuana anytime after October 25, 2014. The report indicated that Mr. Carden did use marijuana after his positive drug test on November 4, 2014.

On December 8, 2014, the probation officer met with Mr. Carden to discuss the Alere report. Initially, Mr. Carden denied new use of marijuana, but after further questioning, he admitted to "smoking a few joints" and further admitted to using Methadone, cocaine, and oxycodone, prior to testing positive for each illegal drug.

While admitting his illegal drug use, Mr. Carden became angry with the probation officer and stated, "Why can't you people just leave me alone?"

On December 23, 2014, Mr. Carden tested positive for marijuana and Methadone. He denied any new use of marijuana, but admitted to consuming "a piece" of a Methadone pill on December 22, 2014. He reported he was in pain from his recent surgery on his foot and had ran out of his Oxycodone medication.

**The probation officer met with Mr. Carden on December 30, 2014, after he tested positive for marijuana and oxycodone. He admitted to buying five oxycodone pills a few days prior and his last reported use was on December 29, 2014. He further admitted to smoking marijuana, again, within the last week.**

2. <u>The defendant shall participate in a program of drug testing and substance abuse treatment which may include a 30-day inpatient substance abuse treatment program followed by up to 90 days in a community correction center at the direction of the probation officer.</u>

Mr. Carden failed to participate in a substance abuse assessment at Centerstone Mental Health.

He was scheduled for an intake assessment on October 30, 2014, but failed to attend. When questioned by the probation officer, Mr. Carden reported he lost track of time, as he was working on junk cars. He was instructed to reschedule this appointment and notify the probation officer of the date/time of the appointment. As of the date of the original petition to the Court, Mr. Carden had failed to reschedule his assessment.

On December 8, 2014, Mr. Carden participated in a substance abuse assessment at Centerstone Mental Health. The recommendations from his therapist were for weekly outpatient substance abuse treatment in addition to a referral for a psychiatric evaluation to address any mental health needs.

**Additionally, on January 7, 2015, Mr. Carden failed to appear for a random drug test. On January 8, 2015, the probation officer attempted to contact Mr. Carden on his cell phone, to inquire about his missed drug test, but was unsuccessful in her attempts. Mr. Carden's brother answered the home phone and reported that Mr. Carden had left the residence earlier that morning to go to the doctor to get "meds."**

<u>Compliance with Supervision Conditions and Prior Interventions:</u>
Aaron Wayne Carden is unemployed and lives with his mother and brothers, in Nashville, Tennessee. Mr. Carden began his term of supervised release on October 1, 2014, and his supervision is due to terminate on September 30, 2019.

A report was submitted to the Court on November 3, 2014, regarding Mr. Carden's positive drug test for marijuana. He was re-instructed to not use any illegal substances and warned of the possible negative ramifications such as revocation of supervision, inability to obtain employment, and the negative impact it will have on his family. The Court ordered no action on November 4, 2014.

Due to Mr. Carden's illegal drug use and disregard to take proper care of his health, he recently had one of his toes and part of his foot amputated. The probation officer has stressed the importance of proper medical care and refraining from the use of illegal drugs and medications not prescribed to him. Mr. Carden admits that he has not made his health a priority and agrees his health is important and should be his top priority.

Mr. Carden is currently participating in substance abuse therapy, as recommended, and his psychiatric evaluation is scheduled for January 15, 2015.

**Update of Offender Characteristics:**
There is no additional information relevant to this section that has not already been provided in this petition.

**U.S. Probation Officer Recommendation:**
**It is respectfully requested that these additional violations be considered at the revocation hearing to be held before Your Honor on January 12, 2015. These new violations have been discussed with Assistant U.S. Attorney Sunny A.M. Koshy, who concurs with the recommendation.**

Approved: _____
Vidette Putman
Supervisory U.S. Probation Officer

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
## UNITED STATES V. AARON WAYNE CARDEN, CASE NOS. 3:02-00068-1 & 3:13-00170

**GRADE OF VIOLATION:**     C
**CRIMINAL HISTORY:**     VI

**ORIGINAL OFFENSE DATE:**     POST APRIL 30, 2003     PROTECT ACT PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 5 years (Class A Felony) *18 U.S.C. § 3583(e)(3)* | 8-14 months *U.S.S.G. § 7B1.4(a)* | No recommendation |
| SUPERVISED RELEASE: | 5 years less any term of imprisonment *18 U.S.C. § 3583(h)* | 2-5 years *U.S.S.G. § 5D1.2(a)(2)* | No recommendation |

18 U.S.C. § 3583(g)(4) If the defendant, as a part of drug testing, tests positive for illegal controlled substances more than three times over the course of one year; the Court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under subsection (e)(3).

18 U.S.C. § 3583(e)(3) The Court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of the evidence that the offender violated a condition of supervised release. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, in accordance with 18 U.S.C. § 3583(h).

**Guideline Policy Statements:** Upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2).

Respectfully Submitted,

*/s/ Amanda Michele*
Amanda Michele
U.S. Probation Officer

Approved: */s/ Vidette Putman*
Vidette Putman
Supervisory U.S. Probation Officer

LF021
REV 05/01

# VIOLATION WORKSHEET

1. **Defendant** Aaron Carden

2. **Docket Number** *(Year-Sequence-Defendant No.)* 0650 3:02CR00068 - 1 ͟ɜ 3:13-00170

3. **District/Office** Middle District of Tennessee - Nashville

4. **Original Sentence Date** 11 / 21 / 2003
                                             *month   day   year*

5. **Original District/Office**
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)*

7. **List each violation and determine the applicable grade (see §7B1.1):**

| Violation(s) | Grade |
|---|---|
| Shall refrain from any unlawful use of a controlled substance. | C |
| Shall participate in a program of drug testing and substance abuse treatment which may include a 30-day inpatient substance abuse treatment program followed by up to 90 days in a community corrections center at the direction of USPO. | C |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))*     **C**

9. **Criminal History Category** *(see §7B1.4(a))*     **VI**

10. **Range of Imprisonment** *(see §7B1.4(a))*     **8 - 14 months**

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

☐ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

☒ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

☐ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

**Defendant** Aaron Carden

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    Restitution($) _____    Community Confinement _____

    Fine($)      _____    Home Detention          _____

    Other     $100 special assessment       Intermittent Confinement _____

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: _____ to _____ years

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from _____
    imprisonment:

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days