PROB 12A
(Revised 05/2011)

# United States District Court
for
## Middle District of Tennessee

## Report on Offender Under Supervision

Name of Offender: <u>Aaron Wayne Carden</u>  Case Number(s): <u>3:02-00068-1 & 3:13-00170</u>

Name of Judicial Officer: <u>Honorable William J. Haynes, Jr., U.S. District Judge</u>

Date of Original Sentence for Case Number 3:02-00086-1: <u>November 21, 2003</u>

Original Offense: <u>21 U.S.C. § 841(a)(1) Distribution of Marijuana and 18 U.S.C. § 924(c) Possession of a Firearm in Furtherance of Drug Trafficking</u>

Original Sentence: <u>120 months' custody and five years' supervised release</u>

Date of Original Sentence for Case Number 3:13-00170: <u>February 20, 2014</u>

Original Offense: <u>18 U.S.C. § 751(a) Escape</u>

Original Sentence: <u>12 months' and one day custody and two years' supervised release</u>

Date of Revocation Sentence: <u>January 13, 2015</u>

Revocation Sentence: <u>One year and one day custody, followed by one year supervised release on home confinement with electronic monitoring</u>

Type of Supervision: <u>Supervised release</u>   Date Supervision Recommenced: <u>December 18, 2015</u>

Assistant U.S. Attorney: <u>Sunny A.M. Koshy</u>   Defense Attorney: <u>Dumaka Shabazz</u>

---

The Court orders:

☒ No Action Necessary at this Time
☐ Submit a Request for Modifying the Condition or Term of Supervision
☐ Submit a Request for Warrant or Summons
☐ Other

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

Considered this <u>27th</u> day of <u>May</u>, 2016, and made a part of the records in the above case.

*Amanda Michele*
U.S. Probation Officer

_William J. Haynes, Jr._
Senior U.S. District Judge CRENSHAW

Place   <u>Nashville, TN</u>

Date   <u>May 23, 2016</u>

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition of supervision:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| **1.** | **The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.** |

On February 27, 2016, Mr. Carden reported employment with Flex Sol Packaging, in Nashville, but failed to provide proof of his employment as requested.

When the probation officer attempted to verify his employment with Flex Sol Packing on April 26, 2016, it was discovered that Mr. Carden had never been employed by their company.

**2.**   **The defendant shall answer truthfully all inquires by the probation officer and follow the instructions of the probation officer.**

As noted in Violation #1, Mr. Carden reported employment with Flex Sol Packaging, beginning February 27, 2016. The probation officer gave him time allotments to accommodate his work schedule, as he is on home confinement with electronic monitoring. After learning that Mr. Carden was not employed by the company, he was questioned as to what he was doing during the work-time allotments. He admitted that he had another job, working for Jon Weeks Cleaning Service. Mr. Carden reported he is paid cash and was unsure if the probation officer would let him work for cash.

**3.**   **The defendant shall be on home confinement, for one year, with electronic monitoring.**

Mr. Carden has failed to abide by the rules of electronic monitoring, as specifically noted in Violation #2.

**Compliance with Supervision Conditions and Prior Interventions:**
Aaron Wayne Carden is unemployed and lives with his mother and brother, in Nashville, Tennessee. He began his current term of supervised release on December 18, 2015, with home confinement by electronic monitoring. Mr. Carden's supervision is due to terminate on December 17, 2016.

A report was submitted to the Court on November 3, 2014, regarding Mr. Carden's positive drug test for marijuana. He was re-instructed to not use any illegal substances and warned of the possible negative ramifications such as revocation of supervision, inability to obtain employment, and the negative impact it will have on his family. The Court ordered no action on November 4, 2014.

A petition was submitted to the Court on November 12, 2014, regarding Mr. Carden's illegal drug use and failure to participate in a substance abuse assessment at Centerstone Mental Health. The Court ordered the issuance of a summons on December 5, 2014, and Mr. Carden was ordered to appear at the U.S. Marshal's Office on or before December 22, 2014. Mr. Carden appeared on his summons on December 10, 2014, and was released to the same conditions of supervised release, pending his revocation hearing.

Superseding petitions were submitted to the Court on December 10, 2014, December 24, 2014, and January 9, 2015, to notify the Court of Mr. Carden's continued illegal drug use.

On January 12, 2015, Mr. Carden appeared before the Court for his revocation hearing. After a hearing and testimony from Mr. Carden, the Court sentenced him to serve one year and one day imprisonment, to be followed by one year of supervised release. During that one year term of supervised release Mr. Carden was ordered to be on home confinement with electronic monitoring. The Court strongly recommended that the Bureau of Prisons designate Mr. Carden to Butner or Lexington in order to address his long term addiction, his previous gang activities, the need to protect him while serving his sentence, to provide him mental health services, as well as treatment and management for his medical condition which includes diabetes. The Court granted Mr. Carden voluntary surrender with release under the third party supervision of his mother, Sandra Carden, and further ordered that he be on home confinement with electronic monitoring pending his designation to a Bureau of Prison's facility.

Immediately following his revocation hearing, electronic monitoring equipment was installed on Mr. Carden's ankle, the rules of home confinement were explained, and he was provided a copy.

A memo requesting a warrant was submitted to the Court on February 2, 2015, regarding Mr. Carden's illegal drug use of cocaine. The Court ordered the issuance of a warrant on February 3, 2015. Mr. Carden was subsequently arrested on February 4, 2015, and continuously detained pending the Bureau of Prison's designation.

Mr. Carden arrived at Diersen Charities halfway house on November 19, 2015. Since he was still in Bureau of Prison's custody, Mr. Carden was participating in mental health treatment at the Evelyn Frye Center in Nashville, and had a methadone prescription, provided to him from Butner Medium FCI, in Butner, North Carolina.

Following Mr. Carden's release from custody on December 18, 2015, he expressed a desire to continue his mental health therapy at the Evelyn Frye Center. After determining he did not have medical insurance to cover the expense of their program, the probation officer referred Mr. Carden back to Centerstone Mental Health for substance abuse and mental health treatment. He is currently participating in individual therapy and receiving mental health medications. Additionally, Mr. Carden attends Behavioral Health Group (BHG), in Nashville, on a daily basis, for methadone and counseling.

A report was submitted to the Court on February 11, 2016, regarding Mr. Carden's violations of testing positive for illegal drugs, failing to work regularly at a lawful occupation, failing to answer truthfully all inquires by the probation officer, and failing to abide by the rules of the home confinement program. The Court ordered no action, as recommended, on February 11, 2016.

In response to these violations, Mr. Carden was restricted to a "lockdown" status, for location monitoring purposes. Mr. Carden was only permitted to leave his residence for his daily methadone clinic visits and substance abuse and/or mental treatment at Centerstone. The probation officer instructed Mr. Carden to provide written proof to the probation officer, in advance, of all employment opportunities, church activities, and other reasonable requests to leave his residence.

Regarding Mr. Carden's recent violations, his employment with Jon Weeks Cleaning Service has been verified by the probation officer. Additionally, Mr. Carden has supplemental employment at his mother's business, The Curtain Call. Time allotments for both employments have been provided to Mr. Carden and he is now in compliance with his employment requirement and home confinement.

**U.S. Probation Officer Recommendation:**
The probation officer is recommending no additional action be taken by the Court at this time so that Mr. Carden can remain on supervised release, continue to participate in outpatient treatment, and not incur any future violations. Assistant U.S. Attorney Sunny A.M. Koshy has been advised of the offender's noncompliance and is in agreement with this recommendation.

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer